UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK TUBBS,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED STATES ATTORNEY EASTERN DISTRICT OF CALIFORNIA, *et al.*,<br><br>             Defendants. | Case No. 2:22-cv-01913-TLN-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>    (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff filed a complaint purporting to assert claims against the United States Attorney for the Eastern District of California and California Baptist University, together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
3  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
4  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
5  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
6  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
8  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9  n.2 (9th Cir. 2006) (en banc) (citations omitted).

10  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
11  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
12  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17  **Analysis**

18  Liberally construed, plaintiff's half-page complaint alleges that he is a disabled individual
19  who, despite being qualified, was denied admission to California Baptist University in Fall 2022
20  in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  ECF No. 1 at 2.
21  He alleges California Baptist University is prohibited from discriminating against qualified
22  individuals who have disabilities.  *Id.*

23  Plaintiff's allegations do not state a claim for relief.  As an initial matter, plaintiff makes
24  no factual allegations against the U.S. Attorney for the Eastern District.  Such allegations would
25  be required for plaintiff to proceed against the U.S. Attorney.  *See Jones v. Cmty. Redev. Agency*,
26  733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of
27  particularity overt acts which defendants engaged in that support the plaintiff's claim.").

28

Plaintiff also has not adequately alleged that California Baptist University violated section 504. Section 504 of the Rehabilitation Act provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a). To establish a violation of section 504, a plaintiff must show that: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (internal citation omitted). Although plaintiff claims that he was denied admission and is disabled, he does not allege that California Baptist University denied him admission because of his disability.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

3

4.  The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:     April 10, 2023

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4